Laurence STUEBIG, a/k/a Lawrence Stuebig, by his Guardian, Maria Carole HECKMANN, Appellant,

v.

Robert J. HAMMEL, Acting Administrator of Farview State Hospital for the Criminally Insane; Bernard J. Willis, M.D., Acting Superintendent and Clinical Director of Farview State Hospital for the Criminally Insane; John P. Shovlin, M.D.; John M. Fitzgerald, Director of Social Services, Farview State Hospital for the Criminally Insane; Francis Truman, Captain of the Guards, Farview State Hospital for the Criminally Insane; Charles A. Zeller, M.D., Former Superintendent of Farview State Hospital for the Criminally Insane; H. Propst, M.D.; Vincent P. Covoleskie, D.S.C., Farview State Hospital for the Criminally Insane; G.J. Salko, M.D.; William H. Horan, M.D., Farview State Hospital for the Criminally Insane; P. Powell, M.D., Farview State Hospital for the Criminally Insane; Herbert L. Ownes, M.D., Farview State Hospital for the Criminally Insane; Dr. Ferraro, Farview State Hospital for the Criminally Insane, and J. Paul Hurst, M.D., Farview State Hospital for the Criminally Insane.

No. 82–3546.

United States Court of Appeals, Third Circuit.

Argued July 21, 1983.
Decided Aug. 18, 1983.

James E. Beasley (argued), William P. Murphy, Beasley, Hewson, Casey, Colleran, Erbstein & Thistle, Philadelphia, Pa., for appellant.

LeRoy S. Zimmerman, Atty. Gen., Allen C. Warshaw (argued), Deputy Atty. Gen., Chief, Sp. Litigation Section, Andrew S. Gordon, Deputy Atty. Gen., Harrisburg, Pa., for appellees.

Before ADAMS and HIGGINBOTHAM, Circuit Judges, and TEITELBAUM, District Judge.*

## OPINION OF THE COURT
PER CURIAM.

In 1941, Laurence Stuebig was charged with burglary with the intent to steal several boxes of candy from a railroad car. The Quarter Sessions Court of Philadelphia County found Stuebig not guilty by reason of insanity and ordered that he be detained and treated at Farview State Hospital for the Criminally Insane. Although Stuebig spent thirty-five years at Farview, his status as a mental incompetent was never reviewed and he was never treated for a psychiatric condition, which by now is incurable. In December, 1975, Stuebig was released from Farview, and shortly thereafter the Montgomery County Court of Appeals appointed Maria Carole Heckmann as his guardian.

Stuebig, by his guardian, filed a civil rights action for damages, pursuant to 42 U.S.C. § 1983, alleging that the defendants, who were officials at Farview during at least a portion of Stuebig's commitment, had violated his due process rights by neither releasing nor treating him. The district court held that, although three of the defendants named in the complaint had violated Stuebig's constitutional rights, they were immune from personal liability for damages:[1] they neither knew nor reasonably should have known that their failure to supervise various therapeutic programs at Farview would violate plaintiff's rights. The district court also found that the defendants did not maliciously intend to cause Stuebig injury. Chief Judge Nealon in two carefully crafted opinions determined that he was bound by recent Supreme Court decisions outlining the good-faith or qualified immunity defense of state officials sued for damages in their individual capacities. *See Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Youngberg v. Romeo,* 457 U.S. 307, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982).

While we are greatly moved by Mr. Stuebig's plight, we are persuaded that the district court did not err in applying the law of

---

* Honorable Hubert I. Teitelbaum, United States District Court for the Western District of Pennsylvania, sitting by designation.

1. These defendants, the appellees in the action at bar, are John Shovlin, former Farview superintendent, Bernard Willis, former clinical director, and John Fitzgerald, director of social services. The district court found insufficient evidence to link defendants Powell, Horan, and Truman to any deprivation of Stuebig's constitutional rights, and that finding is not before us on appeal. The other defendants named in the complaint were dismissed voluntarily by the plaintiff.

qualified immunity. Accordingly, the judgment of the district court will be affirmed.